**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**CHARLES M. TEAL**                                                                       **PETITIONER**
Reg # 04477-095

**VS.**                  **NO. 2:08-CV-00091-JLH-BD**

**T.C. OUTLAW, Warden,
Federal Correctional Complex,
Forrest City, Arkansas, et al.**                                     **RESPONDENTS**

**RECOMMENDED DISPOSITION**

**I.**       **Procedure for Filing Objections:**

The following recommended disposition has been sent to Chief United States District Judge J. Leon Holmes. Any party may file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date you receive the Recommended Disposition. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

**II.     Background:**

Petitioner Charles M. Teal is currently serving a forty-one month sentence at the Federal Correctional Complex in Forrest City, Arkansas ("FCC-Forrest City"). Petitioner brings this petition for writ of habeas corpus (#1) under 28 U.S.C. § 2241 challenging the manner in which Respondent is executing his sentence. Specifically, Petitioner claims that Respondent should compute his federal sentence to run concurrently with his Louisiana state sentence so that he can receive credit for twenty-five months of jail time served at various state facilities in Louisiana. Respondent disputes the merits of the Petitioner's argument and also contends the case should be dismissed because of Petitioner's failure to exhaust his administrative remedies. For the reasons that follow, the Court recommends that the District Court dismiss the petition without prejudice to allow Petitioner the opportunity to fully exhaust his administrative remedies.

**III.     Exhaustion of Administrative Remedies:**

The Bureau of Prisons ("BOP") is responsible for computing the sentence credit after a defendant has begun serving his sentence. *United States v. Wilson*, 503 U.S. 329, 335, 112 S.Ct. 1351 (1992). Prisoners are entitled to administrative review of the computation of their credits by the BOP under the procedure set forth in 28 C.F.R.

§§ 542.10-542.16.  After properly exhausting administrative remedies, an inmate may seek judicial review by filing a habeas corpus petition under 28 U.S.C. § 2241.  *Wilson*, 503 U.S. at 335, 112 S.Ct. 1351; *United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004).  The exhaustion requirement may be waived if the prisoner shows that attempting to exhaust would be futile.

In this case, Petitioner acknowledges that he has not fully exhausted his administrative remedies.  (#1 at pp. 1-3)  Petitioner attaches a letter to his Petition which he claims is his attempt to file an informal grievance with the BOP to resolve the alleged time computation issue.  (#1 at pp. 13-14)  He also attaches a motion he filed with the sentencing court requesting that it order the BOP to give him credit for time served on his state sentence, but which the trial court dismissed for lack of jurisdiction.  (#1 at pp. 5, 11)

In response to the Petition, Respondent attaches a declaration from Daniel R. Severson.  Mr. Severson, a paralegal specialist with the BOP, affirms that, according to BOP records, Petitioner has not filed any grievances in the three-step administrative process required to exhaust administrative remedies.

Petitioner claims that any attempt to follow the formal grievance procedure at this point would be futile because, according to his calculations, he has very little time left to serve on his forty-one month sentence.  Petitioner may believe that the administrative process is futile.  However, even assuming Petitioner's calculation of his sentence is correct, there is still time remaining for Petitioner to exhaust his administrative remedies.

Moreover, the BOP should be permitted an opportunity to fully assess the computation of Petitioner's sentence before a federal court intervenes. See *United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000) (per curiam) (district court did not err in denying a federal prisoner's motion seeking credit against his sentence because the prisoner had not exhausted his administrative remedies) (citing *United States v. Iversen*, 90 F.3d 1340, 1344 (8th Cir. 1996) (holding the district court lacks authority to credit a defendant for previous detention if the claim is not first presented to the BOP); and *Kendrick v. Carlson*, 995 F.2d 1440, 1447 (8th Cir. 1993) (federal prisoners seeking credit against a sentence must exhaust their administrative remedies before filing a habeas petition)).

## IV. Conclusion:

Because Petitioner has not exhausted his administrative remedies, the Court recommends that the District Court dismiss the petition for writ of habeas corpus without prejudice to permit the petitioner to pursue his administrative remedies.

IT IS SO ORDERED this 2nd day of December, 2008.

_____
UNITED STATES MAGISTRATE JUDGE